**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2023[*]
Decided February 17, 2023

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1664

| | |
|---|---|
| BRIAN BOC,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>ABLE ENGINEERING SERVICES,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 20 cv 805<br><br>Rebecca R. Pallmeyer,<br>*Chief Judge*. |

**O R D E R**

Brian Boc, a former engineer with Able Engineering Services, appeals from the summary judgment ruling against him in his suit under the Americans with Disabilities Act, *see* 42 U.S.C. § 12112, asserting a hostile work environment and constructive

---

[*] We previously granted petitioner's motion to waive oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

discharge. The district court concluded that Boc failed to adduce evidence sufficient to raise a fact question on any of his claims. We affirm.

We recount the following facts in the light most favorable to the non-moving party, Boc. *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). Boc, a long-term engineer in a Chicago high-rise building, felt forced to resign in 2018 after experiencing harassment that he traces to his treatment for throat cancer. Several years earlier he underwent chemotherapy and radiation, but the treatment damaged his salivary glands and caused him constipation. To manage the side effects, Boc's doctors instructed him to stay hydrated and use Benefiber (a dietary fiber supplement) and Ensure (a nutrition drink). In 2013, Boc returned to work, and every day he brought multiple water bottles and dietary supplements. Doing so was not an issue until a new owner bought the building in 2015 and employed Able Engineering Services. Under Able's management, Boc experienced conflict with his coworkers.

Boc pinpoints several incidents of harassment, but only five of these relate to his cancer-treatment symptoms and are thus relevant to this appeal. First, Boc asserts that in January 2016, someone at work interfered with his water-bottle supply by adding two extra bottles to his backpack. He connects this episode to his cancer treatment by noting that at least two employees knew of his treatment, and he recently had overheard coworkers talking about their daily water intake. He filed a security report and raised his concerns with two supervisors, who investigated the matter.

Second, Boc highlights an episode that he describes as gaslighting. He says that in February 2016, he was instructed to fix the temperature in office 254—an office number that implausibly matched the serial number on one of his water bottles. He regarded the assignment as an attempt to evoke memories of the previous month's water-bottle incident. Boc discussed both incidents with an Able representative, who suggested that he lock his backpack and keep it in a secure locker.

Third, in December 2017, Boc discovered that one of his water bottles had been tampered with. (After the two prior incidents, he had introduced a meticulous tracking system to monitor his water intake—labeling water bottles with stickers numbered one through six.) He noticed that one bottle was missing a sticker and had been mislabeled with a wrong number. Because he had placed the water bottles in a locked backpack in a secured employee locker, he suspects that someone picked the locks and swapped the water bottle.

    Fourth, Boc believes that in March 2018 someone again picked the locks and removed his Benefiber dietary supplement. He does not recall discussing his post-treatment need for Benefiber with anyone at work.

    Fifth, in August 2018, Boc found the top of his empty Ensure bottle unscrewed and residual liquid spilled in his backpack. Because of his meticulous tracking system, Boc denies that he could have left the bottle unscrewed and insists that someone else picked the locks and untwisted the bottle top. Boc brought the incident to the attention of a supervisor and human resources, who promised to monitor the situation.

    In October 2018, Boc resigned because of daily anxiety about his personal belongings. He testified that by this time, he'd "had enough" with workplace harassment.

    After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Boc filed this lawsuit, primarily asserting that he was constructively discharged because he had been repeatedly subjected to a hostile work environment.

    The district court entered summary judgment in favor of Able. The court, assuming Boc's post-cancer need for frequent hydration and nutrition was a protected characteristic under the ADA, concluded that Boc did not adduce sufficient evidence to infer that the alleged incidents were based on that protected characteristic. And even if Boc were able to make this showing, the court added, he had not presented evidence from which a factfinder could find that he had been subjected to incidents so severe or pervasive as to alter his employment conditions and create a hostile work environment. The court explained that the five water-related or nutrition-related incidents over three years did not amount to severe or frequent harassment. Lastly, the court found that Boc had not demonstrated a basis for employer liability.

    On appeal, Boc generally challenges the court's summary judgment ruling by arguing that he provided sufficient evidence of coworker harassment—their tampering with his personal belongings—that he traces to his cancer-related disability. But as the district court explained, Boc failed to introduce evidence sufficient for a reasonable factfinder to infer a hostile work environment or constructive discharge. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see* FED. R. CIV. P. 56(c). Even if we assume, as did the district court, that Boc's impairments were covered by the ADA, Boc merely speculates that his coworkers, knowing of his cancer diagnosis, must have interfered with his belongings. But speculation alone is insufficient to raise a genuine dispute of material fact. *Johnson*, 892 F.3d at 894.

No. 22-1664 Page 4

Boc also asserts that the incidents he described were both severe and pervasive. But as the district court rightly explained, the infrequency of Boc's incidents (five incidents over three years) and the alleged harm he experienced (losing a single Benefiber packet, cleaning a small spill in his backpack, and stress over his belongings) did not materially alter the conditions of his employment. *Id.* at 900.

Finally, regarding the court's conclusion that he presented no evidence of employer liability, Boc points to instances in which his complaints to supervisors (of coworkers' misbehavior) were addressed insufficiently. But to avoid liability, employers need take only reasonable steps to remedy the situation, *see Paschall v. Tube Processing Corp.*, 28 F.4th 805, 813 (7th Cir. 2022), and, as the district court pointed out, Boc offered no evidence that he provided Able with evidence of wrongdoing that required a remedy—and indeed, the record reflected that Able investigated Boc's security report, urged Boc to lock his personal belongings, and promised to monitor his concerns.

We have considered Boc's remaining arguments, and none has merit.

AFFIRMED